IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID C. MAUL, )<br>)<br>Defendant. ) | No.  05-30084 |

# OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant David C. Maul's sentencing hearing held February 24, 2006. Maul was present in person and with his attorney Douglas Beevers. The Government was present by Assistant United States Attorney Gregory Gilmore. On October 21, 2005, Maul entered an open guilty plea to the charge of Assaulting a Federal Officer in violation of 18 U.S.C. §. 111, as alleged in the Indictment (d/e 1).

The United States Probation Office prepared a Revised Presentence Report (PSR), dated February 8, 2006. As a preliminary matter, the Court noted at the sentencing hearing that, because of the way the Indictment was drafted in this case, Maul's conduct constituted a misdemeanor, not a

1

felony.  See US v. Vallery, 2006 WL 278144 (7th Cir. 2006).  Accordingly, the Court noted that the maximum possible sentence that could be imposed for such a crime was one year pursuant to 18 U.S.C. § 111.  At the sentencing hearing, Maul argued that he should receive a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1 and that his criminal history points should be lower because the offenses set forth in paragraphs 33 and 34 of the PSR were part of the same scheme or plan.  For reasons stated of record, the Court agreed with Maul regarding the two-level reduction for acceptance of responsibility.  The Court, however, found that Maul's criminal history calculation was accurate.

Defendant Maul had no other objections to the PSR.  The Court, therefore, adopted the remainder of the findings of the PSR as its own. Accordingly, Maul had a base offense level of 10 under U.S.S.G. § 2A2.4(a). Maul's offense level was increased by 3 levels under U.S.S.G. § 2A2.4(b)(1)(A) and by 2 levels under U.S.S.G. § 2A2.4(b)(2).  Maul was entitled to a two-level reduction for his acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a final offense level of 13.  Maul had 12 criminal history points, which placed him in category V.  The resulting Guideline sentencing range was 30 to 37 months, in Zone D of the

Guideline range. However, as noted earlier, because of the statutory cap of one year, the Guideline range became 12 months. The Court recognized that, after the Supreme Court decision in United States v. Booker, the Guidelines (to the extent the Guideline range is lower than the statutory maximum), are no longer binding on the Court. Booker, 125 S.Ct. 738 (2005). However, they remain a factor for the Court to consider in sentencing. United States v. Williams, 410 F.3d 397 (7th Cir. 2005).

      THEREFORE, after considering the case file, including the PSR, the statements of counsel, the testimony of witnesses, the applicable sentencing guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Maul to 12 months imprisonment, to be served consecutively with the term of imprisonment imposed in Central District of Illinois, Case No. 99-CR-30088. Maul was not ordered to pay a fine, but was ordered to pay a $25.00 special assessment, which is due immediately. After his release from prison, Maul was ordered to serve a one year term of supervised release. The Court then advised Maul of his appeal rights.

 IT IS THEREFORE SO ORDERED.

ENTER: February 28, 2006.

FOR THE COURT:

                                                           s/ Jeanne E. Scott
                                               JEANNE E. SCOTT
                                  UNITED STATES DISTRICT JUDGE